IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Theodore Wagner, )<br>     Petitioner, )<br>)<br>vs. )<br>)<br>United States of America, )<br>     Respondent. )<br>_____ ) | C.A. No. 2:05-404-23<br>Crim. No. 2:02-181<br>**ORDER** |

This matter is before the court upon Theodore Wagner's ("Wagner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Government has filed a Response and a Motion to Dismiss. For the reasons set forth herein, the court grants the Government's Motion to Dismiss, and denies Wagner's motion.

## **BACKGROUND**

On April 9, 2002, Wagner was indicted for four counts of production of child pornography, and one count of possession of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(b). On August 14, 2002, Wagner pled guilty to one count of production of child pornography and one count of possession of child pornography pursuant to a written plea agreement.[1] On April 16, 2003, against the advice of his counsel, Wagner informed the court in writing that he wished to withdraw his guilty plea. Wagner formally moved to withdraw his guilty plea in open court on April 21, 2003. After a thorough consideration of the factors set forth in *United States v. Moore,* 931 F.2d 245, 248 (4th Cir. 1991), the court denied his request.[2] The court

---

[1] Approximately two weeks later, Wagner pled guilty to two counts of criminal sexual conduct with a minor in state court, and was sentenced to a ten years in state prison to run concurrent with his federal sentence. The state and federal sentences are based on the same criminal conduct.

[2] In *Moore,* the Fourth Circuit held that a defendant does not have an absolute right to withdraw a guilty plea, but instead, must demonstrate that a "fair and just reason" supports his

then sentenced Wagner to a term of imprisonment of 151 months, and to a term of supervised release of three years to run concurrently on each count.

Wagner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. On February 23, 2004, the Fourth Circuit affirmed his conviction and sentence. *See United States v. Theodore Thomas Wagner,* 2004 WL 324705 (4th Cir. Feb. 23, 2004).[3]

## STANDARD OF REVIEW

Wagner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The court has thoroughly reviewed the motions, files, and records in this case and finds that no hearing is

---

request to withdraw his plea. 931 F.3d at 424. The factors that district court must consider in determining whether a defendant has shown a fair and just reason for withdrawing his plea include: (1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. *Id.*

[3] Wagner also filed several petitions for writ of certiorari to the United States Supreme Court. Each has been denied. *See, e.g., Wagner v. United States,* 125 S.Ct. 339 (2004); *Wagner v. United States,* 125 S.Ct. 654 (2004).

necessary.

## **DISCUSSION**

Wagner raises four grounds in support of his motion: (1) that he received ineffective assistance of counsel, as his counsel had a "change of loyalty" during the investigation and prosecution of his case ("Ground One"); (2) that the prosecution team committed "misconduct and felonious acts" ("Ground Two"); (3) that the Moore test used to determine whether he could withdraw his plea is unconstitutional ("Ground Three"); and (4) that the FBI deprived him of his due process rights by instructing state detectives to get a warrant using "known perjured statements." ("Ground Four").  (Motion at 5-6).

### A.     Grounds Two and Three

As a threshold matter, Grounds Two and Three were raised on direct appeal and were explicitly rejected by the Fourth Circuit.  With respect to Ground Two, Wagner argued on appeal that there was prosecutorial misconduct in the district court proceedings, and the Fourth Circuit explicitly rejected this argument.  *See Wagner,* 2004 WL 324705 at *2 ("To the extent that he asserts prosecutorial misconduct, his claim is not supported by the record.").  Turning to Ground Three, on appeal Wagner complained of the district court's application of *Moore* to his case.  The Fourth Circuit similarly found no error in this court's application of the so-called *Moore* test to Wagner's request to withdraw his guilty plea.  *See Wagner,* 2004 WL 324705 at *1 - 2 ("Wagner also contends that the district court erred in denying his motion to withdraw his guilty plea. . . .  Based on our review of the record, we uphold the district court's finding that [the *Moore* test] factors do not favor Wagner's position and conclude that the court did not err by denying his motion to withdraw his

guilty plea.").[4]

Wagner has not pointed to any intervening change in law that warrants reconsideration of these two claims. *See, e.g.*, *Davis v. United States*, 417 U.S. 333, 342 (1974) (holding that a claim may be relitigated in a § 2255 motion when there has been an "intervening change in law" affecting the claim previously decided adversely to the petitioner). Thus, Grounds Two and Three may not be relitigated in this § 2255 proceeding. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976); *United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001); *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). The court now turns to the only viable grounds Wagner has raised - Grounds One and Four.

**B.     Ground One - Ineffective Assistance of Counsel**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. Although *Strickland* involved a claim of ineffective assistance of counsel in a capital sentencing proceeding, the same two-part standard applies to an ineffective-assistance claim arising out of the guilty plea process. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. *Strickland*, 466 U.S.

---

[4] To the extent that Wagner's claim is now that the Moore test is unconstitutional, this court disagrees. Wagner has cited no authority for this proposition, and offers no explanation as to how the Moore test, which was articulated by the Fourth Circuit Court of Appeals, could possibly result in a deprivation of his right to counsel. Moreover, as numerous courts have recognized, there is no constitutional right to withdraw a guilty plea. *See Siers v. Ryan,* 773 F.2d 37 (3d Cir.1985), *cert. denied,* 490 U.S. 1025 (1989); *see also Freeman v. Munch,* 748 F.Supp. 423, 429 (E.D. Va. 1990).

4

at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, Wagner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58.

Wagner asserts that his counsel was ineffective for myriad reasons, including that counsel (1) misled him "in facts of law", (2) aided the prosecution, (3) lied about the possibilities of filing a motion to suppress; and (4) withheld requested information. Wagner offers no factual support whatsoever for any of these claims.[5] For example, Wagner never explains how his attorneys misled him on the law, what information was withheld from him, or how either of these two occurrences affected his decision to plead guilty. As numerous courts have noted, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir.1998); *see also United States v. Collins,* 68 F. 3d 461, *1 (4th Cir. Oct. 16, 1995) ("Because Collins failed to show he was prejudiced by counsel's actions, and only asserted conclusory allegations, the district court properly denied relief on Collins's claims of ineffective assistance of counsel."). While the court need not address

---

[5] As additional evidence of this, it is telling that Wagner has filed no memoranda in support of his current habeas petition, but instead, refers the court to briefs filed in his Fourth Circuit and Supreme Court cases. (Wagner Motion at 4). As discussed above, each of these cases was resolved unfavorably to Wagner.

Wagner's wholly conclusory and unsupported allegations, the court makes the following observations after a thorough review of counsel's performance.

At the guilty plea hearing, Wagner was questioned at length about the voluntariness of the guilty plea, the consequences of the plea, the potential penalties he faced, and his understanding regarding the impact of the Sentencing Guidelines. From these and other exchanges, it is clear that Wagner was fully aware of the nature of the charge against him (including the applicable law) and of the consequences of pleading guilty prior to entering his guilty plea. Even if counsel gave an inaccurate estimate of Wagner's likely sentence or failed to explain the gravity of the application of the Sentencing Guidelines to his case, Wagner cannot establish that any deficiencies on counsel's part undermined the voluntariness of his guilty plea or a reasonable probability that he would have insisted on going to trial "but for" counsel's deficient performance. *Hill*, 474 U.S. at 58-59; *cf. also U.S. v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) ("[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant."); *United States v. Craig*, 985 F.2d 175, 179-80 (4th Cir. 1993) (holding that erroneous advice by counsel respecting sentencing possibilities cannot be a "but for" cause of a guilty plea where the plea is entered after the court makes the defendant aware of the correct sentencing possibilities).

Similarly, Wagner's claim that counsel "lied when directly ask[ed] to suppress evidence that it could not be done" lacks merit. (Wagner Mot. at 5). As the Government notes, a state search warrant was issued for the search of Wagner's home after a confidential informant provided information to authorities that Wagner had a sexual relationship with a minor and videotaped this

crime. Before applying for the warrant, authorities interviewed the victim, who confirmed the informant's statement. The Supreme Court has "consistently accepted the use of informants in the discovery of evidence of a crime as a legitimate investigatory procedure consistent with the Constitution." *See Arizona v. Fulminante,* 499 U.S. 279, 305 (1991); *see also Kuhlmann v. Wilson*, 477 U.S. 436 (1986); *United States v. White*, 401 U.S. 745 (1971); *Hoffa v. United States,* 385 U.S. 293, 304 (1966); *U.S. v. Cyprian,* 23 F.3d 1189, 1197 (8th Cir. 1994 ) ("The government routinely (and constitutionally) uses informants and body recorders to obtain information."). Given the corroborating testimony provided by the victim, there was ample probable cause to support the search warrant. Wagner's counsel had no valid grounds for which to object to the evidence obtained from the informant or in the execution of the warrant. Accordingly, counsel was not ineffective in failing to file a suppression motion, as any such motion would have been wholly without merit. *See United States v. Mikalajunas,* 186 F.3d 490, 493 (4th Cir. 1999); *United States v. Gibson,* 55 F.3d 173, 179 (5th Cir.1995) ("Gibson's contention that trial counsel's failure to file a motion to suppress evidence based on a faulty search warrant constitutes ineffective assistance of counsel is without merit. Counsel is not required by the Sixth Amendment to file meritless motions."); *Leano v. U.S.,* 2004 WL 2026563, \*7 (D.S.C. September 8, 2004) ("Because there was nothing illegal or unconstitutional about the search and seizure in this case, the Petitioner's counsel cannot be found ineffective for failing to raise the issue.").

As for Wagner's claim that his lawyers aided the prosecution, the court similarly finds that Wagner's wholly unsupported allegations do not give rise to a viable ineffective assistance claim. As the Government notes, the evidence of Wagner's guilt was overwhelming. The Government had statements from multiple victims, as well as eight videotapes in which Wagner is either engaging

in sexual acts with minors or providing minors with alcohol and marijuana and subsequently videotaping them engaged in sexual acts with each other. Wagner faced maximum twenty year state and federal sentences, and the possibility that these sentences could run consecutively. Wagner's attorneys worked with the Government to obtain concessions that were highly favorable to him. For example, Wagner's attorneys persuaded the Government to agree to recommend to this court and the state prosecutors that Wagner receive concurrent, rather than consecutive, sentences. Moreover, Wagner's attorneys convinced the Government not to oppose the imposition of the ten year minimum sentence for Wagner. Given the strength of the evidence against Wagner, his attorneys were extremely skillful in obtaining any concessions from the Government, and rendered competent advice in advising him to plead guilty in exchange for these concessions. *Cf. United States v. Abdelhadi,* 327 F.Supp. 2d 587, 597 (E.D. Va. 2004)("Simply put, given the strength of the evidence against defendant and the lack of any persuasive exculpatory evidence, there was no reasonable probability that defendant would have elected not to plead guilty."). Because there is overwhelming evidence that Wagner's attorneys did everything within their power to aid his case, and absolutely no evidence that Wagner's attorneys aided the prosecution, Wagner cannot claim ineffective assistance on this basis.[6]

### C.     Ground Four

In Ground Four, Wagner contends that his civil rights were violated pursuant to 18 U.S.C.

---

[6] Additionally, this claim is barred under *Boeckenhaupt*, 537 F.2d at 1183, as Wagner raised the argument that there was prosecutorial misconduct in his appeal to the Fourth Circuit. As noted above, the Fourth Circuit explicitly rejected this claim. The Fourth Circuit's conclusion on this matter necessarily implies that Wagner's attorneys did not aid the prosecution, as had his attorneys been colluding with the prosecutor to obtain his conviction, this would have certainly qualified as prosecutorial misconduct as well.

§ 242. While difficult to discern, it appears that Wagner's claim is that agents of the Federal Bureau of Investigations ("FBI") instructed state detectives to obtain a warrant using statements that they knew were perjured. (Wagner Mot. at 6). Wagner's claim is completely without merit for a number of reasons. First, Wagner provides no evidence whatsoever in support of this claim. As discussed above, the evidence supports a conclusion that the warrant was amply supported by probable cause, and in no way suggests that federal authorities used perjurious statements to unlawfully investigate Wagner. Second, 18 U.S.C. § 242 is a criminal statute providing no privately enforceable right that would entitle Wagner to habeas or other relief. *See, e.g., United States v. Oguaju,* 2003 WL 21580657, at *2 (6th Cir. July 9, 2003) (holding that Plaintiff had no private right of action under 18 U.S.C. §§ 241 or 242 because they are criminal statutes); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994)); *Cf. Peabody v. United States.,* 394 F.2d 175, 177 (9th Cir.1968) (Section 241 is a criminal statute providing no basis for prisoner to obtain habeas relief). Finally, Wagner's contention that FBI agents colluded with state authorities to obtain a warrant based on perjured testimony is undermined by his knowing and voluntary guilty plea. *See, e.g. Tollett v. Henderson,* 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Accordingly, Ground Four is without merit.[7]

---

[7] Moreover, the court notes that Wagner has raised similar, if not identical, claims to the Fourth Circuit and Supreme Court. Both courts have rejected all of Wagner's contentions.

**CONCLUSION**

It is, therefore, **ORDERED**, for the foregoing reasons that Respondent's Motion To Dismiss is **GRANTED**. Wagner's Motion for Summary Judgment is **DENIED,** and his § 2255 motion is **DENIED**.[8]

**AND IT IS SO ORDERED.**

**s/ Patrick Michael Duffy**
**PATRICK MICHAEL DUFFY**
**UNITED STATES DISTRICT JUDGE**

**Charleston, South Carolina**
**June 22, 2005**

---

[8] On June 21, 2002, Wagner filed a letter with the court asking for the date of his § 2255 hearing. As mentioned earlier, the court has determined that a hearing is not warranted. Accordingly, the court denies Wagner's motion for a hearing.